INDIANAPOLIS MOTOR SPEEDWAY CORPORATION
*v.* KEITH ET AL.

[No. 15,940. Filed June 1, 1938.]

*Smith, Remster, Hornbrook & Smith, Paul Y. Davis, Kurt F. Pantzer, Ernest R. Baltzell, William G. Sparks* and *Gustav H. Dengus,* for appellant.

*Frank K. Miller* and *Malcolm B. Routt,* for appellees.

CURTIS, P. J.—This action was brought by the appellee, Millard Keith, against the city of Indianapolis, a municipal corporation, and the Indianapolis Motor Speedway Corporation, a corporation, to recover damages alleged to have arisen out of an assault and battery committed upon the said Keith by a city of Indianapolis police officer alleged to be acting at the time for the appellant and the said city of Indianapolis or either of them. Trial was had before a jury upon the second amended complaint of the appellee Keith to which an answer of general denial was filed by the appellant. The appellant and the appellee city of Indianapolis had previously filed separate demurrers to the amended complaint. The demurrer of the said city of Indianapolis was sustained and the appellee Keith failed to plead further as to it, whereupon judgment was rendered in favor of the said city of Indianapolis. No question is raised in this appeal as to the ruling on the demurrer of said city.

Upon the trial the jury returned a verdict in favor of the appellee Keith against the appellant in the sum of three hundred dollars. The judgment was in accordance with the verdict. The appellant seasonably filed a motion for a new trial which was overruled and this appeal followed. The errors assigned are: (1st) The ruling on the appellant's demurrer to the amended complaint; and (2nd) the ruling on the motion for a new trial. The causes or grounds of said motion are alleged error of the court in refusing to give the peremptory

instruction tendered by the appellant at the close of the appellee Keith's evidence to return a verdict for the appellant; that the verdict of the jury is not sustained by sufficient evidence and is contrary to law and alleged error of the court in giving to the jury each of the seven instructions given on its own motion.

The second amended complaint proceeds upon the theory that the appellant in conducting its annual automobile race generally held on the 30th day of May each year is in the habit of hiring a great number of people to act as guards and to direct traffic during the day of the race and that the appellant is also in the habit of requesting the city of Indianapolis to send a large number of Indianapolis police officers to act as such guards and to direct the traffic and to look after the crowds of people and to guard its said property during said race and that on the 30th day of May, 1935, the appellee Keith, together with three other companions, came to Indianapolis to see said race and that while they were still outside of the race track entrance the said appellee Keith was assaulted by one of said police officers and was struck across the back with a club causing bruises and sore spots and an injured back and causing him to fall and tear his clothing. Said pleading contains the following additional allegation "that said Indianapolis police officer was not at said time engaged in any duty as a public officer under the laws of the State of Indiana and was in fact an agent for and on behalf of the Indianapolis Motor Speedway Corporation and the City of Indianapolis, jointly, separately, severally and respectively, and was working by virtue of such agency under the authority, direction and control of said Indianapolis Motor Speedway Corporation and said City of Indianapolis, jointly, separately, severally and respectively; that said Indianapolis police officer was not a public officer of the State of Indiana at

said time, but was in fact an agent for and on behalf of said Indianapolis Motor Speedway Corporation and said City of Indianapolis."

We think the allegations of the second amended complaint are sufficient to withstand the demurrer addressed thereto.

Proceeding now to an examination of the evidence, we find that there were but two witnesses, to-wit: The appellee Keith and one of the friends who accompanied him on the day of the alleged injury. The evidence is that they with their other friends arrived near the race track about 6:00 o'clock in the morning of the day in question and parked their automobile somewhere on the outside and together with other people they were walking along the roadway on the outside when they heard someone say "run" and the appellee Keith said that the next thing he heard was an oath and someone saying "you will run" whereupon he was struck across the back by a club and knocked down and that he got up and fled into a corn field nearby. He said that the man who struck him was in a policeman's uniform and had a badge on the front of his coat and a policeman's cap and a gun and a policeman's club. Later he, the appellee, showed the policeman his ticket and was directed to go into a certain gate to get into the race track. He testified that the assault upon him took place outside of the race track grounds and about a block from the northwest gate and that after he later went in at the gate he made a report of the assault to an official of the races, who told him to see the Chief of Police. Keith's evidence further showed that he saw the man who assaulted him going in and out of the gate two or three times without the use of a ticket but that he did not get close enough to him after the assault to get his number. This evidence was corroborated by the evidence of the companion of the ap-

pellee Keith. There was no evidence whatever that the man who assaulted the appellee Keith was an agent or servant of the appellant as was alleged in the amended complaint nor was there any evidence whatever that any member of the Indianapolis Motor Speedway Corporation was present when the assault took place or knew anything whatever about it at the time. In order to reach the verdict arrived at, the jury had first to find from the evidence that the said man in uniform was a servant or agent of the appellant. Upon this question there is an entire lack of evidence. The mere fact that the officer who made the assault entered the Speedway grounds without a ticket would not be sufficient within itself to show that he was the servant or agent of the appellant. This court is entirely familiar with the custom which prevails for officers in uniform to enter such places without tickets. We are unable to find any evidence upon which the conclusion could be reached that the person who made the assault was the agent or servant of the appellant. Under such circumstances it is clear that the verdict of the jury is not sustained by sufficient evidence. The court erroneously refused to direct a verdict as requested by the appellant at the close of the evidence of the appellee Keith. It follows, therefore, that the motion for a new trial should have been sustained based upon the error in refusing to give the peremptory instruction and based upon cause number one of the motion for a new trial, to-wit: That the verdict of the jury is not sustained by sufficient evidence. Other questions are presented but in view of the conclusions above set out it is unnecessary to discuss them.

The judgment of the trial court is reversed with instructions to grant a new trial.